IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE CHAMBERS,                      :
                                       :
      Petitioner                       :
                                       :
  v.                                   :   CIVIL NO. 3:CV-05-1634
                                       :
WARDEN ROZUM,                          :   (Judge Conaboy)
                                       :
      Respondent                       :
_____

## MEMORANDUM
### Background

    Maurice Chambers, an inmate at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Somerset Superintendent Gerald Rozum. Service of the petition was previously ordered.

    Chambers was convicted of second degree murder, robbery, and two (2) counts of criminal conspiracy following a jury trial in the Luzerne County Court of Common Pleas. By way of background, the Petitioner conspired with Wesley Farmer and Rick Moore to rob Paul Garman of a quantity of marijuana. Chambers and his two accomplices entered Garman's residence on April 25, 1997. The Petitioner was armed with a revolver. During a drug transaction involving the purchase of one (1) ounce of marijuana, Chambers shot the victim in the back of the head. Following the shooting,

1

a large bag containing marijuana was taken from the residence.

On December 5, 1997, Petitioner was sentenced to a term of life imprisonment. In a direct appeal, Chambers asserted that: (1) the trial court erred in denying his suppression motion because he was not afforded custodial Miranda warnings;[1] (2) his robbery conviction should have been quashed because one cannot steal an illegal substance; (3) the evidence was insufficient to support the robbery and conspiracy verdicts; (4) the Commonwealth improperly shifted the burden of proof to the Petitioner during its closing argument; and (5) a discovery violation occurred. By Memorandum dated May 20, 1999, the Superior Court affirmed Petitioner's conviction and sentence. See Commonwealth v. Chambers, 742 A.2d 201 (Pa. Super. 1999)(Table). A request for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court. See Commonwealth v. Chambers, 749 A.2d 466 (Pa. 2000)(Table). Thereafter, the United States Supreme Court denied Chambers' petition for writ of certiorari. See Chambers v. Pennsylvania, 531 U.S. 853 (2000).

Chambers then sought relief under Pennsylvania's Post Conviction Relief Act (PCRA).[2] His PCRA petition asserted that

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions
(continued...)

the criminal information failed to allege every element of the crime of second degree murder and was therefore insufficient. The trial court denied the PCRA petition on June 12, 2003. The Superior Court likewise denied relief. See Commonwealth v. Chambers, 852 A.2d 1197 (Pa. Super. 2004). The Pennsylvania Supreme Court denied a petition for allowance of appeal. See Commonwealth v. Chambers, 871 A.2d 188 (Pa. 2005)(Table).

In his present petition, Chambers claims entitlement to federal habeas corpus relief on the grounds that: (1) the underlying criminal indictment only set forth a general count of homicide and failed to allege every element of second degree murder in violation of the principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999); (2) under the Apprendi and Jones standards, the insufficient criminal indictment as described above caused Petitioner's sentence to be improperly enhanced to a term of life imprisonment; (3) Chambers' robbery conviction violated due process in that he was charged with the robbery of an illegal

---

[2](...continued)
for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

substance; (4) since the evidence established that there was no theft, the robbery conviction and second degree murder convictions are unsupported.

It is undisputed that the substance of Chambers' present claims were raised and exhausted before the Pennsylvania state court on direct appeal or via his PCRA action.  See Doc. 13, p. 2.

## Discussion

### Standard of Review

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[3]  See generally, Gattis v. Snyder, 278 F.3d 222, 234

---

[3] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State
> (continued...)

(3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explicated in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. Id. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by

---

[3](...continued)
court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

clear and convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case.  State court factual findings may be set aside only if rebutted by clear and convincing evidence.

## I. **Criminal Indictment**

Petitioner's initial argument correctly points out that the underlying criminal indictment contained a general count of homicide.  As a result, Chambers states that the elements of malice and intent which are required for a second degree murder conviction were not specifically mentioned.  Due to the absence of those elements from the criminal indictment, Chambers asserts that he is entitled to relief under the principles announced in Apprendi and Jones.

In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  The Supreme Court in Jones stated that if the provisions of a federal statute sets forth additional elements of offense as opposed to mere sentencing considerations, the facts that trigger such provisions must be charged by indictment and submitted to a jury to be proven beyond reasonable doubt.

    Pennsylvania's Superior Court in addressing this argument during Petitioner's PCRA proceeding noted that under Pennsylvania state law a criminal information did not need to specify a degree of murder to sustain a verdict of second degree murder.  See Doc. 13, Exhibit 28, p. 5.  The Superior Court added that Jones and Apprendi were not applicable because those cases "dealt with sentence enhancement based upon facts which had not been determined by the jury in the course or rendering a verdict." Id. at p. 6.  The Court added that in Chambers' case the jury "was properly charged with the task of delivering a verdict as to whether appellant was guilty of second degree murder."  Id.

    Chambers was found guilty following a jury trial which concluded on October 24, 1997.  He was sentenced to a term of life imprisonment on December 5, 1997.  The Supreme Court announced its decision in Jones on March 24, 1999, while the

Apprendi decision was handed down on June 26, 2000. Consequently, Petitioner's Apprendi/Jones arguments were not asserted on direct appeal but rather via his PCRA petition.

In Tyler v. Cain, 533 U.S. 656, 663 (2001),[4] the United States Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Supreme Court itself holds it to be retroactive. A review of both Jones and Apprendi reveals that there is no indication that either decision was determined to have retroactive effect. Moreover, the Court of Appeals for the Third Circuit, relying on Tyler, has similarly recognized that no Supreme Court case specifically holds that Apprendi is retroactive on collateral review. In Re: Turner, 267 F.3d 225, 231 (3d. Cir. 2001); see also, Reaves v. Warden U.S.P. Lewisburg, Civil No. 3:CV-01-1149, 2002 WL 535398 * 6 (M.D. Pa. March 22, 2002)(Conaboy, J.); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000)( Supreme Court has not recognized that Jones/Apprendi may be applied retroactively).

Since Jones/Apprendi may not be applied to cases on collateral review, this Court is precluded from granting relief with respect to Chambers' initial argument.

---

[4] Tyler specifically addressed the detention of a state prisoner and thus, a claim presented under 28 U.S.C. § 2254.

8

**II.  Improper Sentence Enhancement**

Chambers next contends that an excessive sentence was imposed.  Specifically, he asserts that based on an application of the standards announced in Apprendi and Jones, his sentence for second degree murder was improperly enhanced to life imprisonment.

A state court's conclusion that a sentence was not excessive as a matter of state law cannot be disturbed on federal habeas review.  See Boyd v. Garraghty, 202 F. Supp.2d 322, 329 (Del. 2002)(federal habeas relief is not available for an excessive sentence claim "premised on an erroneous interpretation of state law").  In the present case, Chambers has failed to satisfy his burden of establishing that the challenged sentence exceeded Pennsylvania state statutory guidelines.

Second, as noted earlier, a review of Apprendi and Jones provides that those decisions have not been made retroactive to cases on collateral review.  Since it is well settled that Apprendi and Jones may not be applied retroactively, Petitioner's claim of being subjected to an improperly enhanced sentence as contemplated under Apprendi and Jones cannot be entertained.

**III  Robbery Conviction**

Chambers next challenges his robbery conviction on the grounds that one cannot be found guilty of the theft of an

9

illegal substance. It is undisputed that the Petitioner was convicted of robbing a quantity of marijuana from the victim. Chambers argues that because marijuana is an illegal substance, it is "not afforded possessory [sic] interest to be deemed property of another." Doc. 2, p. 3.

Respondent counters that under Pennsylvania state law the property of another may be stolen even if it is not legally owned. The response adds that under 18 Pa. C.S.A. § 3901, property that is subject to forfeiture as contraband may be the subject of a robbery charge. Pennsylvania's Superior Court in addressing this argument concluded that the fact that marijuana is property subject to forfeiture as contraband does not preclude it from being the subject of a theft under Pennsylvania state law. See Doc. 13, Exhibit 9, p. 11.

Based upon this Court's review of the record, Petitioner has failed to satisfy his burden of providing proof that the charge of robbery of a controlled substance was contrary to, or an unreasonable application of federal law as required under Bell. Chambers has not provided this Court with any authority under either state or federal law to support his claim that one cannot be found guilty of robbing an illegal controlled substance.

**IV   Insufficient Evidence**

Under Pennsylvania state law, second degree murder is a

murder which takes place during the commission of a felony. Petitioner contends that the trial testimony established that the marijuana was paid for, therefore, a theft did not take place. Thus, he concludes that there was insufficient evidence to support his robbery and murder convictions.

It is undisputed that the Petitioner gave the victim one hundred dollars as payment for an ounce of marijuana. While change was being made (the purchase price was either $70.00 or $75.00), Chambers purportedly pulled out a handgun, and shot the victim in the back of the head.[5]

However, both the trial court and the Superior Court noted that eyewitness testimony presented during trial established that the ounce of marijuana was taken out of a larger bag which contained four (4) to six (6) ounces of marijuana. See Doc. 13, Exhibit 8, p. 2. Two of the eyewitnesses added that when they returned to the room several minutes after the shooting, the large bag was missing. See id.

The standard of review used by a federal court when addressing the issue of sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

[5] Petitioner indicates that his revolver accidentally discharged.

11

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, reh'q denied, 444 U.S. 390 (1979).

Based on an application of the standards announced in Jackson, there was clearly sufficient evidence that supported the robbery conviction reached by the jury.  Specifically, there was testimony presented which indicated that although the Petitioner may have paid for the purchase of one (1) ounce of marijuana, after shooting the victim, Chambers and his accomplices took a large bag containing four (4) to six (6) ounces of marijuana which belonged to the victim.  There was also testimony offered during trial indicating that Chambers and his accomplices conspired to go to the victim's residence for the purpose of robbing the victim of marijuana.  This testimonial evidence clearly could support a finding that the murder took place during or as part of the commission of a robbery, thus sufficiently supporting a second degree murder conviction.

## Conclusion

In conclusion, despite having been afforded a liberal review by this Court, Chambers has not satisfied his burden of establishing any entitlement to federal habeas corpus

relief.  Accordingly, his habeas corpus petition will be denied.  An appropriate Order will enter.

                              <u>S/Richard P. Conaboy</u>
                              RICHARD P. CONABOY
                              United States District Judge

DATED: OCTOBER 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
MAURICE CHAMBERS,                    :
                                     :
        Petitioner                   :
                                     :
   v.                                :    CIVIL NO. 3:CV-05-1634
                                     :
WARDEN ROZUM,                        :    (Judge Conaboy)
                                     :
        Respondent                   :
```
_____

**<u>ORDER</u>**

AND NOW, THEREFORE, THIS 26th DAY OF OCTOBER, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is denied.
2. The Clerk of Court is directed to close the case.
3. Based on the Court's determination, there is no basis for the issuance of a certificate of appealability.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

14